# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JIMMY MAGEE,<br><br>   Petitioner,<br><br>   v.<br><br>LAW LIBRARIAN, et al.,<br><br>   Respondents. | 1:05-cv-00540-REC-TAG HC<br><br>REPORT AND RECOMMENDATION TO DENY PETITION FOR WRIT OF HABEAS CORPUS (Doc. 1) AND TO DENY MOTION FOR RESTRAINING ORDER (Doc. 6) |

   Petitioner is a state prisoner proceeding pro se on a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  On April 22, 2005, Petitioner filed his petition for writ of habeas corpus in this Court.  (Doc. 1).

   Petitioner, who, at the time of filing of the petition, was incarcerated in Wasco State Prison ("WSP"), Wasco, California, raises two grounds for relief in his petition: (1) WSP's administrative policies restricting access to the prison law library violate Due Process; and (2) the administrative policies of WSP and the California Department of Corrections ("CDC") in segregating inmates by race are unconstitutional.  (Doc. 1, Supplement to Habeas Corpus ("Supplement"), Declaration, pp. 2-3; Memorandum of Points and Authorities ("Memorandum"), pp. 3-4).  Petitioner does not challenge either his conviction or sentence.

///

///

1   On May 10, 2005, Petitioner filed a motion for a Temporary Restraining Order, raising
2 the same issues as those in the petition regarding CDC and WSP policies of racial segregation
3 within the prison. (Doc. 6).

**DISCUSSION**

5   Rule 4 of the Rules Governing § 2254 Cases requires the Court to make a preliminary
6 review of each petition for writ of habeas corpus. The Court must dismiss a petition "[i]f it
7 plainly appears from the face of the petition . . . that the petitioner is not entitled to relief." Rule
8 4 of the Rules Governing  2254 Cases; see also Hendricks v. Vasquez, 908 F.2d 490
9 (9th Cir.1990). A federal court may only grant a petition for writ of habeas corpus if the
10 petitioner can show that "he is in custody in violation of the Constitution . . . ." 28 U.S.C. §
11 2254(a). A habeas corpus petition is the correct method for a prisoner to challenge the "legality
12 or duration" of his confinement. Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991), *quoting*,
13 Preiser v. Rodriguez, 411 U.S. 475, 485 (1973); Advisory Committee Notes to Rule 1 of the
14 Rules Governing Section 2254 Cases. In contrast, a civil rights action pursuant to 42 U.S.C. §
15 1983 is the proper method for a prisoner to challenge the conditions of that confinement.
16 McCarthy v. Bronson, 500 U.S. 136, 141-42 (1991); Preiser, 411 U.S. at 499; Badea, 931 F.2d at
17 574; Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases.
18   In this case, Petitioner complains that CDC and WSP have implemented policies of racial
19 segregation regarding how the inmates are treated, including, inter alia, when and how inmates of
20 various racial backgrounds can access the prison law library. Petitioner requests that the Court
21 "do something to help petitioner address the atrosities [sic] and deprivation" resulting from the
22 prison's racial policies. (Doc. 1, Supplement, Memorandum, p. 4). Petitioner is thus challenging
23 the conditions of his confinement, not the fact or duration of that confinement. Thus, Petitioner
24 is not entitled to habeas corpus relief, and this petition must be dismissed and the motion for
25 temporary restraining order should be denied. Should Petitioner wish to pursue his claims,
26 Petitioner must do so by way of a civil rights complaint pursuant to 42 U.S.C. § 1983,  and  any
27 related requests for injunctive relief should be made within any such civil rights action.
28 ///

**RECOMMENDATION**

Accordingly, the Court RECOMMENDS:

1. That the petition for writ of habeas corpus (Doc. 1), be DISMISSED because the petition does not allege grounds that would entitle Petitioner to habeas corpus relief;

2. That Petitioner's motion for a temporary restraining order be DENIED as MOOT; and,

3. That the Clerk of Court be DIRECTED to send Petitioner the standard form for claims pursuant to 42 U.S.C. § 1983.

This Report and Recommendation is submitted to the Honorable Robert E. Coyle, Senior United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Report and Recommendation." The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).


IT IS SO ORDERED.

**Dated:   September 21, 2005**           /s/ Theresa A. Goldner
j6eb3d                                 UNITED STATES MAGISTRATE JUDGE